**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

PHILLIP WASSERMAN,

    Plaintiff,

v.                                                      Case No. 8:21-cv-2334-TPB-SPF

UNITED STATES OF AMERICA,
STEPHEN HOWLAND, and STATE OF
FLORIDA, OFFICE OF FINANCIAL
REGULATION,

    Defendants.
_____/

**<u>ORDER DIRECTING FURTHER BRIEFING</u>**

This matter comes before the Court on the motion of Defendant United States of America for summary judgment. (Doc. 81). Plaintiff Phillip Wasserman filed a response in opposition (Doc. 94) and the United States filed a reply. (Doc. 103).

Wasserman alleges that the United States violated 26 U.S.C. § 6103's prohibition on the disclosure of "return information" when its agents disclosed return information to witnesses during an investigation of Wasserman. The United States' motion for summary judgment agrees that it disclosed some return information but argues that the disclosures were authorized by the investigative disclosure exception in § 6103(k)(6). This provision allows disclosures of return information necessary to obtain information related to tax liability or to enforcement of Title 26. *See* 26 U.S.C. § 6103(k)(6) (authorizing disclosures necessary "in obtaining information, which is not otherwise reasonably available,

with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of this title.").

The United States asserts that its investigation "focused" on whether Wasserman defrauded investors but "also" involved tax evasion and false tax returns. Yet the United States makes no attempt to connect the admitted disclosures of return information to obtaining any tax or Title 26-related information. Instead, it argues only that its disclosures were necessary to elicit information relating to Wasserman's defrauding of investors. The United States' approach is curious, given the plain language of the statute and the intuitive likelihood that information relating Wasserman's defrauding of investors might also be relevant to his tax liability, his victims' tax liability, or to his filing of fraudulent returns. For example, the superseding indictment in the criminal case against Wasserman alleged that one component of his scheme to defraud investors involved preparing tax returns for them that concealed the tax consequences of their investments with Wasserman. But the United States in its papers makes no attempt to draw a connection between the fraud issues and any tax or Title 26 issues.

This point was not lost on Wasserman, who raised it in opposition to summary judgment. In reply, the United States first argues that Wasserman's position on the limited scope of § 6103(k)(6) lacks "statutory or case law support" – a puzzling assertion given the exception's plain language quoted above.

Second, the United States argues that if its agents' disclosures were not authorized by § 6103(k)(6) "because [the agents] were investigating offenses beyond Title 26, then none of the information they gathered in connection with their work constituted return information protected by Section 6103 in the first instance." Presumably that would be so because "return information" by definition is limited to information collected by the Secretary of the Treasury "with respect to a return or with respect to the determination of the existence, or possible existence, of liability (or the amount thereof) of any person under [Title 26] for any tax, penalty, interest, fine, forfeiture, or other imposition, or offense." *See* 26 U.S.C. § 6103(b)(2)(A); *see also Ryan v. United States*, 74 F.3d 1161, 1163 (11th Cir. 1996) ("'[R]eturn information' requires a nexus between the data or information obtained and the furtherance of obligations controlled by the tax laws (*i.e.* Title 26).").

However, information might well be *gathered* for a tax-related purpose, making it "return information" under § 6103(b)(2), but then *disclosed* to obtain information that does not relate to that purpose and therefore does not fall within the plain language of the exception in § 6103(k)(6). The United States asserts that its investigation included issues of tax evasion and false returns and that the disclosures included return information   The question for purposes of the § 6103(k)(6) exception is whether the *disclosures* to witnesses were necessary to elicit information relevant to tax issues or Title 26 issues. On this point, the United States has (so far) said nothing.

Accordingly, the United States is directed to file a memorandum of no more than 10 pages on or before June 16, 2025, explaining how the disclosures it made to witnesses sought information, or were believed in good faith to seek information, "with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]." *See* 26 U.S.C. § 6103(k)(6). In the event the United States does not take the position that its disclosures were necessary to obtain information "with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of [Title 26]," but rather asserts only that the disclosures were necessary to obtain information relating to Wasserman's defrauding of investors, then it should so state. The memorandum should also address the authority of the IRS to investigate non-tax-related issues under the circumstances presented here.

To the extent addressing these matters requires supplementing the summary judgment record by the filing of additional affidavits or declarations, the United States may do so. Within 14 days after the United States' filing, Plaintiff Phillip Wasserman may file a response of no more than 10 pages.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>2nd</u> day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE